Filed 6/22/16  P. v. Delfin CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>BEATRIZ ANDREA DELFIN,<br><br>  Defendant and Appellant. | B265518<br><br>(Los Angeles County<br>Super. Ct. No. BA434260) |

THE COURT:[*]

Defendant and appellant Beatriz Andrea Delfin (defendant) appeals her judgment of conviction of second degree robbery.  Her appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On March 23, 2016, we notified defendant of her counsel's brief and gave her leave to file, within 30 days, her own brief or letter stating any grounds or argument she might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

---

[*]     BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

Defendant was charged with one count of second degree robbery in violation of Penal Code section 211,**1** and was tried by jury. The evidence showed that defendant accosted victim Yesenia Nava (Nava) at a gas station, aggressively approached her, made fist gestures, and called her insulting names, as she asked several times, "Do you know me? Are you afraid of me? Are you going to call the police?" Feeling frightened and threatened, Nava took out her cell phone to call 911, but defendant "ripped" it out of her hands. Nava then took out her Taser, activated the alarm function, and took refuge inside the gas station market, where police were called. Nava's phone was later found inside defendant's car.

Defendant testified that she stopped for gas and was conversing with a friend when Nava surprised her with a Taser attack on her arm, leaving a burn mark. Defendant claimed that she grabbed the phone accidentally while reaching for the Taser in an effort to defend herself. On cross-examination, defendant admitted intentionally stopping behind Nava at the gas station, because Nava had given her a "hard stare" while defendant recently drove through her neighborhood. Defendant claimed to be hurt by the Taser, so she returned to her car where she remained until the police arrived.

Los Angeles Police Officer Jose Salazar testified in rebuttal that he arrested defendant shortly after the incident. During the subsequent interview defendant did not have a burn mark or other injury, did not complain of pain, and did not claim to have been tasered.

After the People rested, and the trial court denied defendant's section 1118.1 motion to dismiss, the court investigated defense counsel's report that Officer Salazar had spoken to a juror. After the court questioned the juror, defense counsel declined to inquire, and did not object to the juror's remaining on the panel.

The jury found defendant guilty of second degree robbery as charged. On June 29, 2015, the trial court granted three years of formal probation, with 365 days in jail among other conditions, and 28 days of combined presentence custody credit. The court ordered

---

**1**     All further statutory references are to the Penal Code unless otherwise indicated.

defendant to pay mandatory fines and fees, and issued a protective order naming Nava as the protected person. Defendant filed a timely notice of appeal from the judgment.

Having examined the entire record, we are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against her in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.